Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Q Industries, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q INDUSTRIES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTOMOTIVE, INC., a Missouri Corporation; and Does 1-10, inclusive<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. TRADEMARK INFRINGEMENT**<br><br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ET. SEQ.**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**5. UNLAWFUL IMPORTATION OF GOODS BEARING INFRINGING MARKS IN VIOLATION OF 15 U.S.C. § 1124**<br><br>**6. UNLAWFUL IMPORTATION OF GOODS BEARING REGISTERED U.S. TRADEMARKS IN VIOLATION OF 19 U.S.C. § 1526(a)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Q Industries, Inc. ("Plaintiff" or "Q Industries") for its claims against defendant O'Reilly Automotive, Inc. ("O'Reilly") and DOES 1-10 (collectively, "Defendants") alleges as follows:

1

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the statutory and common law of the State of California. Plaintiff also files this action against Defendants for their unlawful importation of goods bearing registered United States trademarks and infringing upon the same in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124, and Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this District, placed infringing products in the stream of commerce directed to residents of this District, and derived commercial benefits from the sale of infringing products, thereby causing injuries to Plaintiff.

4. This Court also has jurisdiction over the action pursuant to 19 U.S.C. § 1526(a) as a violation of the federal Tariff Act.

5. Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because Defendants are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## THE PARTIES

6. Q Industries is a corporation organized and existing under the laws of the state of Nevada, with a principal place of business at 4727 E. Bell Road, Ste 45-202, Phoenix, Arizona, 85032.

7. Upon information and belief, O'Reilly is a Missouri corporation with a

principal place of business located at 233 S. Patterson Ave., Springfield, Missouri, 65802.

8. Plaintiff is unaware of the names and true capacities of Defendants, whether individuals, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Upon information and belief, each one of Defendants caused or are in some manner responsible for causing the wrongful acts alleged herein, and that at all relevant times each one was the agent, servant, and/or employee of the other Defendants acting within the course and scope of said agency, service, and employment.

9. Upon information and belief, at all relevant times herein, each one of Defendants knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.   Q Industries and its SPECIAL OPS® Trademark**

10. Q Industries is a manufacturer whose primary focus is high quality, affordable, 12-volt air compressors. Q Industries has designed and manufactured portable air compressors under the SuperFlow and MasterFlow brands since 2005. It has also designed and manufactured air compressors under the Air Armor® Special Ops brand since 2015.

11. Q Industries' products are sold at various auto retail stores, including at O'Reilly locations nationwide and within this District, and on the SuperFlow (www.superflowair.com), MasterFlow (www.masterflowair.com), and Air Armor® Special Ops websites (www.specialopstools.com) which is available to consumers throughout the United States.

12. Since its inception, Q Industries has used its federally registered

trademark, SPECIAL OPS (U.S. Reg. No. 4,466,250), as a source identifier for its products.

13.  The above U.S. registration for the SPECIAL OPS® mark is valid, subsisting, and in full force and effect.  The registration for the SPECIAL OPS® mark constitutes prima facie evidence of its validity and of Q Industries' exclusive right to use the mark pursuant to 15 U.S.C. § 1057(b).  The SPECIAL OPS® mark has been used exclusively and continuously by Q Industries since as early as 2005, and has never been abandoned.

14.  The SPECIAL OPS® mark is registered in Class 007 for air compressors.

15.  Q Industries has used its SPECIAL OPS® mark on its products, including the Air Armor® M1A1 Air Compressor ("M1A1") and the Air Armor® M240 Air Compressor ("M240"), as shown below.



***Exemplar of M1A1***



*Exemplar of M240*

16. Q Industries' M1A1 and M240 products have not only been sold online, but also in O'Reilly retail stores and O'Reilly's online website (www.oreillyauto.com). The M1A1 was available for purchase through O'Reilly from 2018 to 2019. The M240 was available for purchase through O'Reilly from 2015 to 2020.

17. Q Industries has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the SPECIAL OPS mark and the products associated with the mark. As a result, products bearing the SPECIAL OPS® mark are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Q Industries. Because of Q Industries' advertising and promotional efforts, and its continuous use of the SPECIAL OPS® mark for many years, Q Industries and its mark has attained a high level of recognition and notoriety, especially with air compressors, in the United States.

1   18.   The SPECIAL OPS® mark is distinctive when applied to Q Industries' air compressor products signifying to the purchase that the products come from Q Industries and are manufactured to Q Industries' quality standards.

**B.   O'Reilly's Infringing Conduct**

19.   The present lawsuit arises from O'Reilly's manufacture, production, marketing, distribution, advertisement, importing, offering for sale, and/or sale of products, including but not limited to, an air compressor, that bear counterfeit marks identical and/or confusingly similar to the SPECIAL OPS® mark (the "Accused Products"), an exemplar of which is shown below:



*Example of Accused Product*

20.   Upon information and belief, Defendants engaged in the promotion, marketing and sale of automotive products, including the Accused Products, through the O'Reilly website (www.oreillyauto.com) as well as their retail store locations in 47 out of the 50 states, including California and within this judicial district.

21.   Upon information and belief, Defendants offered for sale, sold, and

shipped to consumers in this judicial district the Accused Products.

22. Upon information and belief, Defendants arranged for and imported/caused to be imported the Accused Products from China into the Port of Los Angeles, which is located in this District, in connection with their coordinated and ongoing efforts to import, sell, offer for sale, and/or distribute the Accused Products, thereby intentionally and knowingly infringing upon the SPECIAL OPS® mark.

23. Upon information and belief, Defendants engaged in the above infringing activities with the knowledge that Q Industries has sold products bearing the SPECIAL OPS® mark through O'Reilly's website and retail locations.

24. Q Industries has not granted a license or given Defendants any form of permission to use intellectual property belonging to Q Industries, including the SPECIAL OPS® mark, in any way.

25. Upon information and belief, the Accused Products that Defendants sold and shipped to this district are very likely to cause confusion for consumers in this district, including Q Industries' customers, who, at the time of initial interest, sale, and in the post-sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Q Industries.

26. Upon information and belief, Defendants had knowledge of Q Industries' rights to the SPECIAL OPS® mark and intentionally utilized said marks on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Q Industries.

27. Upon information and belief, Defendants' use of Q Industries SPECIAL OPS® mark has led to reverse confusion, leading consumers to mistakenly believe that because of the similarity of the marks, the senior user (Plaintiff) is the same as or is affiliated with the junior user (Defendant).

28. Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as

to the origin, affiliation, or association of the Accused Products with Q Industries, and the sponsorship or approval of the Accused Products by Q Industries.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

29. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

30. The SPECIAL OPS® mark is nationally recognized as being affixed to goods and merchandise of the highest quality, with Q Industries being the exclusive source of all such products.

31. The specific U.S. registration to the SPECIAL OPS® mark identified herein is in full force and effect, and has been in continuous use since its first date of use. Indeed, the specific U.S. registration identified herein is incontestable by virtue of its registration and continuous use in commerce for more than five years.

32. The Accused Products bear identical or confusingly similar reproductions of the SPECIAL OPS® mark such that it is likely to lead to and result in consumers believing that Q Industries produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Q Industries.

33. Defendants' use of the SPECIAL OPS® mark is without Q Industries' permission or authority and in total disregard of Q Industries' rights to control its intellectual property.

34. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Q Industries and reap the benefit Q Industries' goodwill associated with the SPECIAL OPS® mark.

35. As a direct and proximate result of Defendants' infringing conduct, Q Industries has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from advertising, selling, and

offering for sale products bearing the SPECIAL OPS® mark that are not in fact authentic Q Industries products.

36. Q Industries has no adequate remedy at law.

37. In light of the foregoing, Q Industries is entitled to injunctive relief prohibiting Defendants from using the SPECIAL OPS® mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Q Industries has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CAUSE OF ACTION

### (False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))

38. Q Industries incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. Defendants' unauthorized use of marks confusingly similar to the SPECIAL OPS® mark on its merchandise, in interstate commerce and advertising relating to same, constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or are otherwise connected with Q Industries or come from the same source as Q Industries' goods when in fact they do not.

40. Defendants' use of the SPECIAL OPS® mark is without Q Industries' permission or authority and in total disregard of Q Industries' rights to control its trademarks.

41. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Q Industries has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Q Industries.

42. Q Industries has no adequate remedy at law.

43. In light of the foregoing, Q Industries is entitled to injunctive relief prohibiting Defendants from using the SPECIAL OPS® mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Q Industries has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CAUSE OF ACTION

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)**

44. Q Industries incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. Defendants' appropriation, adoption and use of the SPECIAL OPS® mark is likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed, affiliated, sponsored, and/or approved by Q Industries, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

46. The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendants willfully and with the intention of causing harm to Q Industries, and for the calculated purpose of misappropriating Q Industries' goodwill and business reputation.

47. Defendants' use of Q Industries' SPECIAL OPS® mark has deprived Q Industries of the right to control the use of its intellectual property.

48. As a direct and proximate result of Defendants' unlawful infringement, Q Industries has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Q Industries is entitled to all

available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

49. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Q Industries in its business and with conscious disregard for Q Industries' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

50. Q Industries incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51. Q Industries owns and enjoys common law trademark rights to the SPECIAL OPS® mark in California and throughout the United States.

52. Defendants' misappropriation of Q Industries' common law trademarks was intended to capitalize on Q Industries' goodwill for Defendant's own pecuniary gain. Q Industries has expended substantial time, resources and effort to obtain an excellent reputation for itself and its SPECIAL OPS® mark. As a result of Q Industries' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Q Industries.

53. Defendants' unauthorized use of the SPECIAL OPS® mark has caused and is likely to cause confusion as to the source of the Accused Products, all to the detriment of Q Industries.

54. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Q Industries.

55. Defendants' acts constitute unfair competition under California common law.

56. Q Industries has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants'

infringing conduct unless it is enjoined by this Court.

57. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Q Industries in reckless disregard of Q Industries' rights. Said conduct was despicable and harmful to Q Industries and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

58. In light of the foregoing, Q Industries is entitled to injunctive relief prohibiting Defendants from using the SPECIAL OPS® mark to recover all damages, including attorneys' fees, that Q Industries has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CAUSE OF ACTION

**(Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

59. Q Industries incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60. Upon information and belief, Defendants' and/or their agents, representatives, and employees imported or caused to be imported certain merchandise which bear copies or simulations of the federally registered SPECIAL OPS® mark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

61. Upon information and belief, Defendants' use of a mark identical and/or confusingly similar to the SPECIAL OPS® mark was willful, intentional, and done with the knowledge that the Accused Products bear counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

62. In light of the foregoing, Q Industries is entitled to injunctive relief prohibiting Defendants from using the SPECIAL OPS® mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Q Industries has sustained and will sustain as a

result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SIXTH CAUSE OF ACTION

**(Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))**

63. Q Industries incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

64. Upon information and belief, Defendants' and/or their agents, representatives, and employees imported or caused to be imported certain merchandise which bear copies or imitations of the SPECIAL OPS® mark without Q Industries' consent, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

65. Upon information and belief, Defendants' use of a mark identical and/or confusingly similar to the SPECIAL OPS® mark was willful, intentional, and done with the knowledge that the Accused Products contain counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

66. In light of the foregoing, Q Industries is entitled to injunctive relief prohibiting Defendants from using the SPECIAL OPS® mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Q Industries has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary and/or permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the SPECIAL OPS® mark or any other marks confusingly similar thereto;

    b. engaging in any other activity constituting unfair competition with Q Industries, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Q Industries;

    c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Q Industries;

2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Q Industries for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Q Industries' rights to the SPECIAL OPS® mark, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4. Entry of an ORDER directing Defendants to file with this Court and serve on Q Industries within thirty (30) days after entry of the injunction a report in writing,

under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

6. An award of all profits that Defendants have derived from using the SPECIAL OPS® mark, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

7. An award of enhanced damages due to Defendants' willful infringement;

8. An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9. An award of fees and punitive damages to the full extent available in connection with Q Industries' claims under California law; and

10. Any such other relief that may be just and proper.

Dated: June 2, 2022                BLAKELY LAW GROUP

                                   By:   */s/ Tara A. Currie*
                                         Brent H. Blakely
                                         Tara A. Currie
                                         ***Attorneys for Plaintiff***
                                         ***Q Industries Inc.***

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Q Industries Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated: June 2, 2022          BLAKELY LAW GROUP

                             By:   */s/ Tara A. Currie*
                                   Brent H. Blakely
                                   Tara A. Currie
                                   ***Attorneys for Plaintiff
                                   Q Industries Inc.***