'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q INDUSTRIES, INC., | CV 22-03791-RSWL-PLAx |
| Plaintiff, | **ORDER re: MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** [39] |
| v. | |
| O'REILLY AUTOMOTIVE, INC., | |
| Defendant. | |

    Plaintiff Q Industries, Inc. ("Plaintiff") brings this Action against Defendant O'Reilly Automotive, Inc. ("Defendant") for trademark infringement, false designation of origin and false descriptions, unfair competition, unlawful importation of goods bearing infringing marks, and unlawful importation of goods bearing registered trademarks.  Currently before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint [39].

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a manufacturer of portable 12-volt air compressors. First Am. Compl. ("FAC") ¶ 10, ECF No. 28. Defendant is a corporation engaging in the promotion, marketing, and sale of automotive products. Id. ¶ 20.

Plaintiff has designed and manufactured air compressors under the Air Armor Special Ops brand since 2015 and has used a federally registered trademark ("Special Ops mark") on its Special Ops products since their inception. Id. ¶¶ 10, 12. Plaintiff has sold its Special Ops M1A1 air compressor and Special Ops M240 air compressor through websites and Defendant's retail locations. Id. ¶¶ 15-16. The M1A1 air compressor was available for purchase from Defendant from 2018 to 2019, while the M240 air compressor was available for purchase from Defendant from 2015 to 2020. Id. ¶ 16.

Plaintiff contends that Defendant manufactured, produced, marketed, distributed, advertised, imported, offered for sale, and/or sold air compressor products that bear counterfeit marks infringing upon Plaintiff's Special Ops mark, including the Power Torque Tools Portable Ammo Can Air Compressor (the "Accused Product"). Id. ¶ 19. Plaintiff has not granted

Defendant a license or given Defendant any form of permission to use its intellectual property, including the Special Ops mark. Id. ¶ 25.

E-mails reveal that on September 7, 2022, Defendant's counsel told Plaintiff's counsel that Defendant was not the proper party to this Action and offered to name the entities it believed to be the proper defendants on the condition that Plaintiff agreed to substitute in those defendants and dismiss Defendant without prejudice. Def.'s Opp'n to Plf.'s Mot. for Leave to File Second Am. Compl. ("Opp'n"), Ex. A, ECF No. 42-1. Plaintiff's counsel responded to this offer that they "certainly wanted to make sure that we have the proper defendant(s) named in this case" and stated that if Defendant's counsel "could please identify who you are referring to; and explain the relationship with the named defendant and why the named defendant is not a proper target in this litigation, we can quickly sort this out with a stipulation." Id. Defendant's counsel proceeded to send a draft stipulation and draft proposed motion to substitute to Plaintiff's counsel on September 8, 2022, therefore providing Plaintiff's counsel with the identities of alternative defendants. Id.; Opp'n, Ex. B, ECF No. 42-3.

Plaintiff's counsel did not respond, and on September 13, 2022, Defendant's counsel reached out regarding the Joint Rule 26 Report and Initial Disclosures due September 14, 2022. Opp'n, Ex. C, ECF

3

No. 42-4.  During these discussions, Plaintiff's counsel commented that "[Plaintiff] does not agree to the substitution of parties."  Id.

Later, on November 23, 2022, Plaintiff's counsel e-mailed Defendant's counsel requesting that Defendant agree to stipulate to allow Plaintiff to file a Second Amended Complaint adding in the alternative defendants that Defendant's counsel revealed earlier.  Opp'n, Ex. J, ECF No. 42-7.  In this e-mail, Plaintiff's counsel advised that "[s]ince there is an ongoing discovery dispute related to the current defendant[,] we cannot agree to dismiss them without prejudice at this time."  Id.  Defendant's counsel responded that Defendant would not agree to such a stipulation unless Plaintiff agreed to dismiss Defendant without prejudice and substitute in the alternative defendants.  Id.  Plaintiff instead filed the instant Motion.  See generally Pl.'s Mot. for Leave to File Second Am. Compl. ("Mot."), ECF No. 39.

**B.  Procedural Background**

Plaintiff filed its initial complaint [1] on June 2, 2022.  On August 12, 2022, Plaintiff stipulated [21] to amend its complaint.  The Court granted [27] the stipulation, and Plaintiff filed a First Amended Complaint [28].

On December 2, 2022, Plaintiff moved [39] for leave to file a second amended complaint to add additional defendants.  Defendant opposed [41, 42] the Motion on

December 13, 2022, and Plaintiff replied [46, 47, 48] on December 20, 2022.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 15(a) provides that once the time frame to amend a pleading as a matter of course has lapsed, a party may amend its pleading only by obtaining leave of the court.  Fed. R. Civ. P. 15(a); Lone Star Ladies Invest. Club v. Schlotzskys Inc., 238 F.3d 363, 367 (5th Cir. 2001). Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  Courts consider the following factors that alone, or in combination, may justify denying a motion for leave to amend: (1) undue prejudice to the opposing party; (2) undue delay; (3) bad faith or dilatory motive; (4) futility of amendment; and (5) whether the movant has previously amended a pleading.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. at 1052; see Foman v. Davis, 371 U.S. 178, 182 (1962).

### B.   Analysis

In sum, Defendant argues the Court should not grant leave to amend because: (1) Defendant cannot be held liable for the acts of its subsidiaries; (2) amendment would be futile since adding defendants would not cure

5

the alleged deficiencies in Plaintiff's claims against Defendant; and (3) Plaintiff's explanation as to why it is unable to remove Defendant is baseless because Defendant has already told Plaintiff that "it has no relation or involvement in the matters that are the subject of the allegations in this lawsuit." See generally Def.'s Opp'n to Plf.'s Mot. for Leave to File Second Am. Compl. ("Opp'n"), ECF No. 42.

Of the Foman factors, only futility of amendment and bad faith are at issue. Defendant clearly contends that amendment would be futile. Opp'n 12:9-13:9. Beyond that, Defendant does not specifically address any other Foman factor. See generally Opp'n. Defendant implies that Plaintiff acted in bad faith when, from Defendant's perspective, Plaintiff agreed to dismiss Defendant from this Action but then backed out of the alleged agreement. Defendant does not contend that there is undue delay, that amendment will unduly prejudice it, or that the Court should not grant the Motion because Plaintiff has already amended its Complaint once. Accordingly, the Court centers its analysis on futility of amendment and bad faith.

   1.   Futility of Amendment

Defendant contends that amendment is futile because adding new defendants, rather than substituting Defendant out for new defendants, will not cure the deficiencies in Plaintiff's claim against Defendant. Opp'n 12:9-13:9. Indeed, Defendant argues that it is

merely a holding company for the subsidiary entities that Plaintiff seeks to add in its Second Amended Complaint, and that Plaintiff will still fail to state a plausible claim against Defendant because Plaintiff does not allege alter ego liability in its proposed amended complaint. Id. Moreover, Defendant argues that Plaintiff's claim against Defendant cannot survive summary judgment. Id. 13:1-4.

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). A proposed amendment is futile only if no set of facts can be proved that would constitute a valid claim for relief. Lemar v. CVS Pharmacy, Inc., No. CV 14-01698 PSG (CWx), 2014 WL 12725107, at *3 (C.D. Cal. July 7, 2014). Under this broad standard, there is a "general preference against denying a motion for leave to amend based on futility." Green Valley Corp v. Caldo Oil Co., No. 09-CV-4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011); see also Lemar, 2014 WL 12725107, at *3 ("Courts rarely deny a motion for leave to amend because of futility.").

The proper test to apply when determining the legal sufficiency of a proposed amendment is identical to the one used to consider the sufficiency of a pleading under Rule 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d

209, 214 (9th Cir. 1988).  A complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

    Here, Defendant has not met its burden, on the limited record presented, of establishing that amendment would be futile as a matter of law.  Plaintiff brings claims of trademark infringement, false designation of origin and false descriptions, unfair competition, and common law trademark infringement and unfair competition.  The Court centers its analysis on Plaintiff's unfair competition claim.

    California's unfair competition law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  Each UCL prong—unlawful, unfair, and fraudulent—provides a separate and distinct theory of

8

liability.  Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007) (citing S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 85 Cal. Rptr. 2d 301, 316-17 (Ct. App. 1999)).

"To state a claim under the 'fraud' prong of [section] 17200, a plaintiff must allege facts showing that members of the public are likely to be deceived by the alleged fraudulent business practice." Antman v. Uber Techs., Inc., No. 3:15-CV-01175-LB, 2015 WL 6123054, at *6 (N.D. Cal. Oct. 19, 2015) (citing Morgan v. AT&T Wireless Servs., Inc., 99 Cal. Rptr. 3d 768, 785 (Ct. App. 2009)).  "Claims under the fraud prong of the UCL are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)." In re Anthem, Inc. Data Breach Litig., No. 15-MD-02617-LHK, 2016 WL 3029783, at *34 (N.D. Cal. May 27, 2016) (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1122, 1125 (9th Cir. 2009)).  A plaintiff, therefore, must plead the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby. See Fed. R. Civ. P. 9(b).

In its proposed complaint, Plaintiff adequately states an unfair competition claim under the fraud prong of the UCL.  Plaintiff states that in February 2022, it accessed the defendants' website and discovered the Accused Product was for sale online and in multiple retail locations.  Proposed Compl. ¶ 23.  Plaintiff

9

provides an exemplar image of the Accused Product, as well as images of its two relevant products to illustrate defendants' allegedly false representation that "the Accused Product is a genuine good originating from, associated with, and/or approved by" Plaintiff. Id. ¶¶ 18, 22. Plaintiff goes on to state that defendants knew of Plaintiff's rights to the mark and intentionally used those marks on the Accused Product in "an effort to confuse or mislead consumers into believing it [] originated, is associated with, is affiliated with, is sponsored by, is authorized by, and/or is approved" by Plaintiff. Id. ¶ 31. Finally, Plaintiff contends that defendants have made gains, profits, and advantages due to their misconduct. Id. ¶ 48. Overall, Plaintiff has alleged a plausible UCL claim in its proposed complaint.

Since the proposed complaint contains facts sufficient to state at least one cause of action, leave to amend is not futile. Given that leave to amend is favored where there are any facts indicating a claim could be stated, the Court declines to assess the plausibility of Plaintiff's other proposed claims at this stage of litigation.

2. Bad Faith

For a court to deny leave to amend based on bad faith, the Court must find that "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," Griggs v. Pace Am. Grp., Inc.,

170 F.3d 877, 881 (9th Cir. 1999), or that the plaintiff has otherwise acted with a "wrongful motive," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Defendant has not shown that Plaintiff is seeking leave to amend in bad faith. Indeed, Defendant argues that Plaintiff broke a perceived agreement to dismiss Defendant from this case in exchange for the identities of the proposed defendants. Regardless of whether there was an agreement to dismiss Defendant, failure to comply with such an agreement does not constitute bad faith in the context of leave to amend. Plaintiff filed this motion shortly after learning the identities of the proposed defendants. Moreover, Plaintiff is not requesting to amend its complaint by adding baseless legal theories. Instead, it timely asserts that more than one party may be liable for the alleged misconduct. Therefore, Defendant has not shown that Plaintiff moves for leave to amend in bad faith.

Accordingly, since leave to amend should be granted with "extreme liberality," and since Defendant has not made "a strong showing" that that any of the Rule 15 factors overcome the "presumption . . . in favor of granting leave to amend," the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)

///

### III. CONCLUSION

Based on the foregoing, the Court should **GRANT** Plaintiff's Motion for Leave to File a Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: February 22, 2023      /S/ RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge