**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Ave., Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile:  (626) 577-8800**

Attorneys for Defendants
TEST-RITE PRODUCTS CORP.
TEST RITE INTERNATIONAL CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q INDUSTRIES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTOMOTIVE, INC., a Missouri Corporation; O'REILLY AUTO ENTERPRISES LLC, a Delaware Limited Liability Company; O'REILLY AUTOMOTIVE STORES, INC., a Missouri Corporation; OZARK PURCHASING, LLC, a Missouri Limited Liability Company; TEST-RITE PRODUCTS CORP., a California Corporation; TEST RITE INTERNATIONAL CO., LTD., a Taiwan Corporation; and Does 1-10,<br><br>Defendants. | Case No. 2:22-cv-03791-HDV (PVCx)<br><br>**JOINT STIPULATION AND REQUEST TO NARROW ISSUES AND FURTHER MODIFY RULE 56 BRIEFING SCHEDULE AND HEARING DATE IN LIGHT OF SECOND MEDIATION**<br><br>Date:   April 11, 2024<br>Time:  10:00 a.m.<br>Ctrm.: 5B, 5th Floor<br>First Street Courthouse<br><br>Hon. Hernán D. Vera |

123433708.4

# FACTUAL RECITATION

IT IS HEREBY STIPULATED by and between the parties, Plaintiff Q Industries, Inc. ("Q Industries"), Defendants O'Reilly Automotive, Inc., O'Reilly Auto Enterprises, LLC, O'Reilly Automotive Stores, Inc., Ozark Purchasing LLC (collectively, "O'Reilly"), and Defendant Test-Rite Products Corp. ("TRPC") (collectively, "the Parties"), through their respective attorneys of record as follows:

1. On October 27, 2023, the Court entered an Order Granting Stipulation and Request to Modify Rule 56 Briefing Schedule and Hearing Date and Expert Discovery Deadlines (Dkt. 214).

2. Since that time, the Parties have completed expert discovery, have met and conferred on multiple occasions to narrow the issues for trial, and have had further discussions regarding settlement.

3. In order to narrow the issues for trial, the Parties jointly agree to the dismissal with prejudice of the following issues from the case, with each Party to pay for their own costs and fees relating to any such dismissal:

   a. Plaintiff's claim of reverse confusion against TRPC and Test Rite International Co., Ltd. ("TRIC")[1].
   b. Plaintiff's claim for recovery based on a reasonable royalty or corrective advertising.
   c. O'Reilly's Third Affirmative Defense based on laches.
   d. O'Reilly's Fifth Affirmative Defense based on First Amendment - free speech.
   e. TRPC's Second Affirmative Defense based on the First Amendment.

---

[1] TRIC reserves its rights to join in the summary judgment briefing if the Court determines it is proper to exercise personal jurisdiction over TRIC in this case.

123433708.4

    f. TRPC's Ninth Affirmative Defense based on lack of distinctiveness.

4. In addition, the Parties have recently agreed to participate in a second mediation, which will be an in-person mediation with the Hon. S. James Otero (Ret.), and will take place on February 6, 2024 at the JAMS office in Los Angeles.

5. The Parties agree it is more efficient for the Parties and for the Court to further modify the Rule 56 briefing and hearing schedule, such that the Parties' opening Rule 56 briefs will be exchanged after the scheduled mediation session on the below agreed-upon schedule, in order to attempt to fully resolve the matter before engaging in briefing on summary judgment matters:

    a. The moving party/parties shall provide to the non-moving party/parties an electronic copy of the opening brief, together with the moving party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts, on February 15, 2024 (84 days before the selected hearing date);

    b. The non-moving party/parties shall provide the moving party/parties with an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts on March 7, 2024;

    c. The moving party/parties, after receiving the integrated version of the motion and related papers, without making further revisions to the joint brief other than submitting their Reply and finalizing the document for filing, shall file the joint brief with the Court on March 28, 2024 (42 days before the hearing date); and

123433708.4

      d. The hearing on the motion(s) for summary judgment shall be set for May 9, 2024, or the next available date upon which the Court can hear the motion(s) before the June 14, 2024, Final Pretrial Conference.

6. In addition, as to the Defendants' Rule 56 briefing, the Parties understand that each separately-represented group of Defendants is entitled to file its own Rule 56 briefing, e.g., O'Reilly is entitled to file its own opening brief up to 25 pages long, and TRPC (and TRIC if personal jurisdiction exists) can file their own opening brief up to 25 pages long. However, in the interest of streamlining the arguments and reducing the filings for the Court, Defendants will file a single, combined brief. If there are issues that are common among the Defendants, the Defendants proposed, and Plaintiff agreed, that those common portions of the Rule 56 briefing can be submitted in a joint Defendant section of the combined briefing. The issues that are not common to all the Defendants can be submitted in separate Defendant sections of the combined brief. The total number of Defendant pages will not exceed, in total, the amount of pages that each set of Defendants, combined, would be permitted to file if they filed separate briefs. In other words, under the stipulation, the Defendants may file a joint brief of up to 50 pages total, in which certain sections are joint sections addressing issues common to all Defendants, certain sections are O'Reilly-only sections, and certain sections are TRPC-only sections. Plaintiff will be entitled file to an opposition to Defendants' joint brief of up to 50 pages total.

7. Further, in connection with the Rule 56 briefing, the Parties intend to rely on expert testimony and the Parties intend to raise *Daubert* issues in connection with the Rule 56 briefing.

8. Given the potential importance of expert testimony to the summary judgment process, the Parties wish to file *Daubert* motions concerning one or more

123433708.4

of the experts relied upon in the Rule 56 briefing and propose the following schedule:

      a. Opening *Daubert* briefs shall be filed April 11, 2024.

      b. Opposition *Daubert* briefs shall be filed on April 18, 2024.

      c. Reply *Daubert* briefs shall be filed on April 25, 2024.

      d. The hearing on the Parties' *Daubert* motions will be concurrent with the Parties' hearing date for their motions for summary judgment on May 9, 2024, or the next available date upon which the Court can hear the motion(s) before the June 14, 2024, Final Pretrial Conference.

NOW, THEREFORE, based on the foregoing facts, and for good cause showing, the Parties hereby stipulate and request that the Court:

A.    Dismiss the following claims and issues with prejudice, with each side to pay its own costs and fees:

    i. Plaintiff's claim of reverse confusion against TRPC and TRIC.

    ii. Plaintiff's claim for recovery based on a reasonable royalty or corrective advertising.

    iii. O'Reilly's Third Affirmative Defense based on laches.

    iv. O'Reilly's Fifth Affirmative Defense based on First Amendment - free speech.

    v. TRPC's Second Affirmative Defense based on the First Amendment.

    vi. TRPC's Ninth Affirmative Defense based on lack of distinctiveness.

B.    Modify the Rule 56 briefing as follows:

    vii. The moving party/parties shall provide to the non-moving party/parties an electronic copy of the opening brief, together with the moving party's portion of the evidentiary appendix and joint appendix of

undisputed and disputed facts, on February 15, 2024 (84 days before the selected hearing date);

      viii.    The non-moving party/parties shall provide the moving party/parties with an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts on March 7, 2024;

      ix.    The moving party/ parties, after receiving the integrated version of the motion and related papers, without making further revisions to the joint brief other than submitting their Reply and finalizing the document for filing, shall file the joint brief with the Court on March 28, 2024 (42 days before the hearing date);

      x.    The hearing on the motion(s) for summary judgment shall be set for May 9, 2024, or the next available date upon which the Court can hear the motion(s) before the June 14, 2024, Final Pretrial Conference.

      xi.    Permit Defendants to file joint Rule 56 briefs not to exceed the total number of pages permitted had the separately-represented Defendants each filed separate briefs (50); with Plaintiff permitted to file an opposition to Defendants' joint brief of up to 50 pages

      xii.    Permit opening *Daubert* briefs to be filed by April 11, 2024.

      xiii.    Permit opposition *Daubert* briefs to be filed by April 18, 2024.

      xiv.    Permit reply *Daubert* briefs to be filed by April 25, 2024.

      xv.    Hear Parties' *Daubert* briefs concurrent with the Parties' motions for summary judgment on May 9, 2024, or the next available date upon which the Court can hear the motion(s) before the June 14, 2024, Final Pretrial Conference.

123433708.4

IT IS SO STIPULATED AND REQUESTED TO BE ENTERED BY THE COURT.

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

Dated: January 10, 2024   By: */s/G. Warren Bleeker*
G. Warren Bleeker
Drew Wilson

*Attorneys for Defendants*
*Test-Rite Products Corp.*

BLAKELY LAW GROUP

Dated: January 10, 2024   By: */s/Brent H. Blakely*
Brent H. Blakely
Tara A. Currie

*Attorneys for Plaintiff*
*Q Industries, Inc.*

SHOOK, HARDY & BACON L.L.P.

Dated: January 10, 2024   By: */s/David W. Morehan*
David W. Morehan (admitted *pro hac vice*)
B. Trent Webb (admitted *pro hac vice*)
Diler Cavdar (admitted *pro hac vice*)
Mayela C. Montenegro-Urch

*Attorneys for Defendants*
*O'Reilly Automotive, Inc.,*
*O'Reilly Auto Enterprises LLC,*
*O'Reilly Automotive Stores, Inc., and*
*Ozark Purchasing, LLC*

L.R. 5-4.3.4(a)(2)(i) Certification:

*All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

 */s/G. Warren Bleeker*
G. Warren Bleeker

123433708.4